IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| AAMIR HAFIZ-THOMPSON, ) | |
| ) | |
| Movant, ) | |
| ) | Case No. 18-00233-CV-W-SRB |
| v. ) | Crim. No. 15-00265-01-CR-W-SRB |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**ORDER**

Before the Court is Movant Aamir Hafiz-Thompson's Motion to Vacate, Set Aside or Correct Sentence Under 28 U.S.C. § 2255 (Doc. #5). For the following reasons the motion is DENIED.

**I.    Background**

On August 25, 2015, Movant Aamir Hafiz-Thompson was indicted on two counts—felon in possession of a firearm and possession of a stolen firearm. On May 26, 2016, pursuant to a plea agreement, Movant pleaded guilty to Count 2 of the indictment, possession of a stolen firearm, in violation of 18 U.S.C. §§ 922(j), 924(a)(2), which carries a statutory maximum prison sentence of ten (10) years. Under the plea agreement, the United States ("Respondent"), Movant, and Movant's counsel agreed "that no one will seek or make any efforts or allow anyone to seek or make any efforts for any sentence to be imposed upon the defendant other than a sentence of ten (10) years imprisonment . . . ." (Case 4:15-cr-00265-SRB, Doc. #30, p. 8). The parties entered into this agreement with the understanding that by doing so, Movant avoided exposure to the enhanced penalty under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1), which would have resulted in a minimum prison sentence of fifteen (15) years if

Movant was found guilty for Count 1 of his indictment, felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).

On November 21, 2016, the Court held a sentencing hearing. At the sentencing hearing, the Court recognized a total offense level of 23 and criminal history category of VI, which translated to a guideline imprisonment range calculation of 92 to 115 months, to be followed by one to three years supervised release. The Court sentenced Movant to ten years (120 months) imprisonment and three years of supervised release, finding "the guideline calculations to be insufficient to impose a sentence within the guideline range based upon [Movant's] extensive criminal history." (Case 4:15-cr-00265-SRB, Doc. #54, p. 15). Movant filed the instant motion on April 16, 2018, asserting that 1) he received ineffective assistance of counsel; 2) his guilty plea was coerced, unknowing, involuntary, and unintelligent; 3) the Government nullified its stipulation to credit Movant a three-level reduction in his sentence for acceptance of responsibility; and 4) the Court impermissibly departed or varied upward in sentencing Movant.

**II.     Legal Standard**

"A prisoner . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). "If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner . . . the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear

appropriate." *Id.* § 2255(b). The district court is required to accept the allegations in a prisoner's § 2255 motion as true and conduct an evidentiary hearing on those allegations unless they are refuted by the record, are inherently incredible, merely conclusory, or they would not have entitled the petitioner to relief. *Garcia v. United States*, 679 F.3d 1013, 1014 (8th Cir. 2012).

### III. Discussion

#### a. Timeliness

Persons seeking relief under § 2255 have a one-year period of limitation from the date on which their judgment is final to file a § 2255 motion. § 2255(f); *Clay v. United States*, 537 U.S. 522, 524 (2003); *Moore v. United States*, 173 F.3d 1131, 1333 (8th Cir. 1999). On November 28, 2016, Petitioner filed a timely notice of appeal. On February 9, 2018, the Eighth Circuit dismissed the appeal. Movant filed the instant motion on March 26, 2018, which falls within one year of the date his judgment became final. *See Clay*, 537 U.S. at 532 ("[F]or federal criminal defendants who do not file a petition for certiorari with [the Supreme] Court on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires."); Sup. Ct. R. 13(1), (3) (90-day period to "file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed[.]"). Therefore, this motion is timely.

#### b. Ineffective Assistance of Counsel

An ineffective assistance of counsel claim requires a movant to satisfy a two-part test by showing: (1) his counsel's performance was deficient, and (2) the deficiency prejudiced his defense. *Deltoro-Aguilera v. United States*, 625 F.3d 434, 437 (8th Cir. 2010). Prong one, deficient performance, is defined as performance that "falls below the 'range of competence demanded of attorneys in criminal cases.'" *Theus v. United States*, 611 F.3d 441, 446 (8th Cir.

3

2010) (quoting *Strickland v. Washington*, 44 U.S. 668, 687 (1984)).  In other words, this prong is satisfied when a movant shows that counsel "failed to exercise the customary skills and diligence that a reasonably competent attorney would [have] exhibit[ed] under similar circumstances." *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996) (citations omitted).  Counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 44 U.S. at 687.  Prong two, prejudice, requires the movant to "demonstrate that there is a reasonable probability that the outcome would have been different but for counsel's deficient performance." *Theus*, 611 F.3d at 447.  Both prongs must be satisfied for a movant to prevail on an ineffective assistance of counsel claim.  *Apfel*, 97 F.3d at 1076.

Movant argues his former counsel, Willis Toney ("Counsel"), "failed to be truthful" regarding whether Movant's prior convictions subjected Movant to an enhanced sentence under the ACCA.  (Doc. #5, p. 4).  Movant states that he entered into a coerced, unknowing, involuntary, and unintelligent guilty plea based on being misled by counsel to believe that he faced an enhanced prison sentence of a minimum of fifteen (15) years pursuant to the ACCA.  Respondent contends that Movant's claim is contrary to the record and without merit.

Section 924(e)(1) requires an enhanced statutory range of punishment for anyone convicted of violating § 922(g) if the person has three prior convictions for violent felonies or serious drug offenses, or both, "committed on occasions different from one another."  If an individual is found guilty of being a felon in possession of a firearm and "has three or more earlier convictions for a 'serious drug offense' or a 'violent felony,' the [ACCA] increases his prison term to a minimum of 15 years and a maximum of life." *Johnson v. United States*, 135 S. Ct. 2551, 2555 (2015) (citing § 924(e)(1)).  A violent felony is defined as:

any crime punishable by imprisonment for a term exceeding one year, . . . that (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B). A serious drug offense is defined as:

(i) an offense under the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46, for which a maximum term of imprisonment of ten years or more is prescribed by law; or (ii) an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law.

18 U.S.C. § 924(e)(2)(A).

The record reflects that Counsel may not have made it explicitly clear to Movant as to which of Movant's convictions qualified as three prior violent felonies or serious drug convictions that warranted a 15-year mandatory minimum prison sentence under § 924(e)(1). However, at the time Movant decided to enter into a plea agreement and at the time of sentencing, Movant arguably had at least three previous convictions for a violent felony or serious drug offense: (1) sale of controlled substance with intent to distribute and possession of a controlled substance with intent to distribute in 2003; (2) first degree assault and armed criminal action in 2004; and (3) second degree burglary in 2004. Counsel testified at the evidentiary hearing on January 31, 2019, that he advised Movant that the first offense enumerated above would be treated as two separate convictions because they occurred on separate dates. (Unofficial Transcript, pp. 5–6 )[1]. Counsel further testified that in reviewing the first offense, he believes it actually occurred on one date. (UTr., pp. 5–6). Counsel also testified that he advised

---

[1] At the time the Court issued this Order, neither party had requested an official transcript. Transcript citations are to the Unofficial Transcript using the short form, "UTr., p. x."

Movant that the second enumerated offense would also be treated as two convictions. (UTr., p. 9). Counsel further testified that at the time Counsel advised Movant as to the second offense, it was unclear whether the second offense could be treated as two separate predicates. (UTr., p. 9).

Counsel testified that he advised Movant that two other of Movant's previous offenses could qualify as predicates for the ACCA enhanced penalty; however, Counsel did not elaborate or investigate those offenses because as far as Counsel was concerned, the first and second offenses enumerated above counted as four total qualifying offenses. (UTr., pp. 8–9). One of the two other previous offenses Counsel advised may qualify as a predicate was a second degree burglary that occurred in 2004. At the time Movant was contemplating entering into a plea agreement, and still at the time of sentencing, the law was in flux regarding whether second degree burglary under Mo. Rev. Stat § 569.170, the statute under which Movant was convicted, qualified as a violent felony under the ACCA.[2] Counsel testified that for that reason, he erred on the side of caution in advising Movant that his conviction for second degree burglary could qualify as a violent felony under the ACCA. (UTr., pp. 10–11). Counsel further testified that he verified with the Probation and Pretrial Services Office that Movant may have qualified for an ACCA enhanced penalty before Movant entered into the plea agreement. (UTr., p. 7).

The Court finds that even if Counsel was incorrect in advising that the first two offenses enumerated above qualify as more than two convictions for ACCA purposes, Counsel reasonably advised Movant that the second degree burglary conviction could qualify as an additional predicate offense, which would expose Movant to the 15-year minimum prison sentence under

---

[2] At the time Movant was contemplating entering into a plea agreement and at the time of sentencing, second degree burglary under § 569.170 qualified as a violent felony under the ACCA under *United States v. Sykes*, 844 F.3d 712, 712 (8th Cir. 2016). On April 5, 2018, the Eighth Circuit overruled *Sykes* in *United States v. Naylor*, 887 F.3d 397, 397 (8th Cir. 2018) holding second degree burglary does not qualify as a violent felony under the ACCA.

6

the ACCA, if Movant did not enter into the plea agreement and was convicted of felon in possession of a firearm in violation of § 922(g)(1). Any competent attorney in Counsel's position would have advised Movant to enter into a plea agreement based on the law at that time, to avoid exposure to the ACCA enhanced penalty. Accordingly, Movant has not demonstrated that Counsel's performance "[fell] below the 'range of competence demanded of attorneys in criminal cases.'" *Theus*, 611 F.3d at 446.

For the same reason, Movant has not demonstrated "that there is a reasonable probability that the outcome would have been different" despite counsel's performance. *Id.* at 447. Movant testified that, with the belief that he was not a candidate for the ACCA enhanced penalty, he would have pled to both counts of his indictment and hoped that the Court would show mercy in sentencing him. However, as discussed above, at the time Movant and Counsel discussed the option of entering into the plea agreement, Movant was arguably an ACCA candidate. That being the case, had Movant pled to both counts, he would have faced a mandatory 15-year minimum prison sentence. Moreover, had Movant pled to both counts, the record indicates the Court was not likely to "show mercy" in sentencing Movant—the Court elected to sentence Movant beyond the guideline imprisonment range, at the 10-year statutory maximum. Accordingly, Movant suffered no prejudice as a result of Counsel's advice that Movant enter into a plea agreement under which Movant would face a maximum 10-year imprisonment sentence.

### c. Coerced, Unknowing, Involuntary, and Unintelligent Guilty Plea

Movant alleges that because he was "misled to believe that he faced an enhanced sentence[] pursuant to [the ACCA]," his guilty plea was "coerced, unknowingly, involuntarily and unintelligently made." (Doc. #5, p. 5). Respondent contends that Movant's claim is contrary to the record and without merit. Federal Rule of Criminal Procedure 11(d) provides that

7

a plea must be "voluntary and not the result of force or threats or of promises apart from a plea agreement." "The standard for a valid guilty plea is whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *United States v. Dalman*, 994 F.2d 537, 538 (8th Cir. 1993) (citing *Gregory v. Solem*, 774 F.2d 309, 314 (8th Cir.1985), cert. denied, 475 U.S. 1088, 106 S.Ct. 1475, 89 L.Ed.2d 730 (1986)).

The Court concluded above that based on the law at the time Movant decided to enter into a plea agreement and at the time of sentencing, Movant arguably qualified as a candidate for an enhanced penalty under the ACCA. Accordingly, Movant's stated basis for his claim that his guilty plea was coerced and entered into unknowingly, involuntarily, and unintelligently is meritless. Further, the record of Movant's change of plea hearing demonstrates that Movant knowingly, voluntarily, and intelligently entered into his plea agreement. Summarily, at the change of plea hearing, Movant stated that he understood what he was pleading guilty to, understood the charge against him, reviewed the plea agreement with Counsel, read the plea agreement himself, had not been threatened or coerced to enter into the plea agreement, and wished to enter into the plea agreement. (Case 4:15-cr-00265-SRB, Doc. #57, pp. 11, 31). For these reasons, the Court finds Movant was not coerced and entered into his plea agreement knowingly, voluntarily, and intelligently.

### d. Three-Level Reduction for Acceptance of Responsibility

Movant argues that Respondent "nullified" its stipulation to credit Movant a three-level reduction in his sentence for acceptance of responsibility by seeking a statutory maximum ten-year sentence and failing to "motion the court" for the three-level reduction. (Doc. #5, p. 6). Respondent argues that Movant "appears to be disgruntled that this Court sentenced him outside of his advisory Sentencing Guidelines calculations, although[] it was made clear during the

change of plea hearing and in the plea agreement that the agreement was not binding and this Court had discretion at sentencing." (Doc. #12, p. 14). Under the United States Sentencing Guidelines § 3E1.1(a), (b), Movant was entitled to a three-level reduction in his total offense level calculation for acceptance of responsibility. The three-level reduction was applied as set forth in the Presentence Investigation Report, and resulted in a total offense level of 23, which correlates with a guideline imprisonment range of 92 to 115 months. (Case 4:15-cr-00265-SRB, Doc. #34, ¶¶ 18–20, 76). Movant argues the three-level reduction was "nullified" by the plea agreement provision in which "[t]he United States, the defendant, and the defendant's counsel all agree that no one will seek or make any efforts or allow anyone to seek or make any efforts for any sentence to be imposed upon the defendant other than a sentence of ten (10) years imprisonment in the Bureau of Prisons." (Case 4:15-cr-00265-SRB, Doc. #30, ¶ 10(g)).

Movant fails to acknowledge that the Court was free to sentence Movant according to the calculated offense level and correlating guideline imprisonment range, which took into consideration the three-level reduction for acceptance of responsibility. Movant expressed his understanding of the sentencing procedures during his change of plea hearing. (Case 4:15-cr-00265-SRB, Doc. #57, p. 25). The Court elected not to sentence Movant within the guideline range, and instead sentenced Movant to the statutory maximum of ten years imprisonment. Because Movant was credited a three-level reduction for acceptance of responsibility and the Court independently sentenced Movant to a term of imprisonment above the pertinent guideline imprisonment range, this point is denied.

    e. **Impermissible Upward Departure or Variance**

Movant argues that the Court "did not calculate the proper guidelines range . . . and impermissibly varied beyond what [] is lawful." (Doc. #5, p. 8). Respondent argues that

Movant's claim of an unreasonable sentence is meritless.  Counsel objected as Movant desired to the calculation of the guideline range as set forth in the Presentence Investigation Report.  (Case 4:15-cr-00265-SRB, Doc. #34, pp. 19–20).  Counsel also objected at Movant's sentencing hearing.  (Case 4:15-cr-00265-SRB, Doc. #54, pp. 3–10).  The Court overruled Counsel's objections.  The Court need not further address the guideline range calculation because Movant cannot show that his sentence was imposed "in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law."  § 2255(a).  As established above, the Court sentenced Movant to the statutory maximum of ten years imprisonment for possession of a stolen firearm under 18 U.S.C. §§ 922(j), 924(a)(2).  The Court is not bound by the calculated guideline range and acted lawfully in sentencing Movant beyond the upper threshold of the guideline range.

### f.  Certificate of Appealability

Movant can appeal the denial of his § 2255 petition to the Court of Appeals only if a certificate of appealability is granted.  28 U.S.C. § 2253(c)(1)(B).  A certificate of appealability should be issued only if Movant can make a "substantial showing of the denial of a constitutional right" or raise an issue that is debatable among jurists of reason or deserving of further proceedings.  § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Movant does not meet this standard.  Thus, Movant's request for a certificate of appealability is denied.

## IV.  Conclusion

For the above stated reasons, Movant's Motion to Vacate, Set Aside or Correct a Sentence Under 28 U.S.C. § 2255 (Doc. #5) is DENIED.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: February 26, 2019